UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

———————

№ 05 Civ. 465 (RJS) (DFE)

———————

RICHARD WHITE,

          Petitioner,

VERSUS

DALE ARTUS,

          Respondent.

———————

ORDER ADOPTING REPORT AND RECOMMENDATION
May 19, 2010

———————

RICHARD J. SULLIVAN, District Judge:

    Richard White ("Petitioner") brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Before the Court is the December 18, 2009 Report and Recommendation ("Report") of the Honorable Douglas F. Eaton, Magistrate Judge, recommending the denial of Petitioner's second amended petition (the "Petition"). For the reasons set forth below, the Court adopts the conclusion set forth in Magistrate Judge Eaton's Report, and the petition is DENIED.

I. BACKGROUND

    On January 10, 1997, in the Supreme Court of New York, Bronx County, Petitioner was charged with: (1) second-degree attempted murder, (2) first-degree robbery, (3) second-degree robbery, (4) first-degree burglary, (5) first-degree assault, (6) fourth-degree criminal possession of stolen property, (7) first-degree criminal use of a firearm, (8) second-degree criminal possession of a weapon, and (9) third-degree criminal possession of a weapon. At trial, the victim, Leonard Jeffries, testified that on November 4, 1996, Petitioner and a co-defendant, Herbie Hamilton, arrived at Jeffries's

home in the Bronx, where Petitioner shot Jeffries in retaliation for an earlier altercation involving Jeffries and Petitioner's half-sister. (Tr. 476-79, 490-99.)

Petitioner was convicted by jury trial on July 30, 1998 of first-degree burglary, first-degree assault, and second-degree criminal possession of a weapon. Petitioner was sentenced that same day as a second felony offender to three concurrent terms of 15 years' imprisonment.[1] He is currently serving this sentence at the Mid-Orange Correctional Facility in Warwick, New York.

Petitioner's conviction and sentence were affirmed by the Appellate Division, First Department. *People v. White*, 742 N.Y.S.2d 545 (N.Y. App. Div. 2002), *leave denied*, 778 N.E.2d 563 (N.Y. 2002). Petitioner's first motion to vacate the conviction pursuant to N.Y. Crim. Proc. Law § 440.10(1)(a) and (h) was denied on December 22, 2003. (Ex. 10 to Killian Aff., dated May 9, 2008.)[2] Petitioner's first application for *coram nobis* was denied on July 15, 2004. *People v. White*, 780 N.Y.S.2d 504 (N.Y. App. Div. 2004), *leave denied*, 820 N.E.2d 301 (N.Y. 2004).

Petitioner filed his first federal habeas corpus petition, challenging his conviction pursuant to 28 U.S.C. § 2254 on January 14, 2005 (Doc. No. 1), and filed an amended habeas petition on March 3, 2005 (Doc. No. 3). By Order dated February 14, 2006, the Honorable Kenneth M. Karas, United States District Judge, granted Petitioner's motion to hold his habeas petition in abeyance while he made a second motion to vacate his conviction in state court. (Doc. No. 12.) This second motion to vacate was denied on May 9, 2006. (Ex. 21, *leave denied*, Ex. 22.) On August 23, 2006, Petitioner filed a second application for *coram nobis*, which the Appellate Division denied on April 12, 2007. (Ex. 26, *leave denied*, Ex. 27.) He then filed a second amended habeas petition (the "Petition") on January 16, 2008. (Doc. No. 16.) The case was transferred from Judge Karas to the undersigned on January 25, 2008. (Doc. No. 17.) The Petition became fully submitted on August 11, 2008. (Doc. No. 25.)

The Court referred the Petition to Magistrate Judge Eaton on January 8, 2009. (Doc. No. 27.) On December 18, 2009, Magistrate Judge Eaton issued his Report, recommending that the Petition be denied, and gave the parties fourteen days to file objections to the Report. (Doc. No. 28.) Petitioner submitted a letter to the Court, dated January 5, 2010, objecting to the Report but not raising any specific objections. Accordingly, the Court will review the Report for clear error. *See Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

## II. DISCUSSION

Petitioner presents the following grounds for habeas review: (1) ineffective assistance of

---

[1] Under New York law, first-degree burglary and assault are Class B felonies, *see* N.Y. Penal Law §§ 140.30, 120.10, while second-degree criminal possession of a weapon is a Class C felony, *see* N.Y. Penal Law § 265.03.

[2] Assistant District Attorney Nancy Killian's affidavit and annexed memorandum of law to Petitioner's second amended petition includes Exhibits 1 through 27, which contain copies of Petitioner's state court motions, decisions, and other related documents, and are referenced throughout this opinion as ("Ex. __.").

trial counsel; (2) ineffective assistance of appellate counsel; (3) denial of due process; (4) violation of the Double Jeopardy clause; and (5) all additional arguments he has previously raised. (Petition at 1-4.)

A. Ineffective Assistance of Trial Counsel

Petitioner asserts that his trial counsel, Christopher Spellman, was ineffective for failing to: (1) call defense witnesses and use available police reports, (2) object to the submission to the jury of Petitioner's co-defendant's indictment, (3) cross-examine the victim about his inconsistent statements regarding the identity of the shooter, and (4) subpoena a social worker, Mandi Goldstein, about the victim's post-injury statements. (Petition at 4.) Petitioner also argues that Spellman erred by not moving to dismiss his indictment in light of what he alleges as: (1) failure to be notified of all the charges that would be presented against him before the grand jury, and (2) violation of the New York speedy trial statute, N.Y. Crim. Proc. Law § 30.30. (*Id.*)

As an initial matter, the Court concurs with Magistrate Judge Eaton's conclusion that all of Petitioner's claims are procedurally barred pursuant to N.Y. Crim. Proc. Law § 440.10(3)(c), as Petitioner had previously been able to raise these claims in state court but failed to do so. Nevertheless, the Court also finds that even if they were not barred, Petitioner's claims do not meet the *Strickland* test for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984).

1. Procedural Default

The Honorable Martin Marcus dismissed Petitioner's ineffective assistance of trial counsel claims when Petitioner raised them in his second motion to vacate his conviction. (*See* Ex. 21.) Judge Marcus found that Petitioner's claims were procedurally barred, and declined to grant Petitioner's motion out of judicial discretion since "the interests of justice do not require it, no good cause has been shown, and . . . none of the arguments the defendant asserts are meritorious." (*Id.* at 4.)

To excuse procedural default, a petitioner must show "*cause*," or "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court," as well as a showing of actual *prejudice* that resulted from the alleged errors. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (emphasis added). A federal court may grant habeas corpus relief in a procedural default case despite a petitioner's failure to show cause under "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* Here, Petitioner has failed to make a showing of either: (1) cause resulting in actual prejudice or (2) extraordinary instances amounting to a constitutional violation. Accordingly, the Court finds that Petitioner has not succeeded in excusing the procedural default that bars his claims.

2. *Strickland* Analysis

Even if Petitioner's claims were not barred, the Court finds that they would be deemed meritless. When a convicted defendant makes a claim of ineffective assistance of counsel, he must demonstrate that: (1) counsel's performance "fell below an objective standard of reasonableness" and (2) "there is a

3

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. The defendant must therefore demonstrate that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Id.* at 686.

Petitioner has not shown that Spellman's performance fell below an objective standard of reasonableness, or that there is a reasonable probability that, but for Spellman's errors, Petitioner would not have been convicted. First, Petitioner's claim regarding Spellman's allegedly ineffective trial strategy fails because the decision of which witnesses to call or which evidence to use is a tactical decision that ordinarily does not constitute a basis for a claim of ineffective assistance of counsel. *See United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987); *Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 192 (S.D.N.Y. 2002) (finding that such claims are disfavored in habeas review because allegations of what a witness would have testified to are largely speculative). Even if Spellman's conduct in this respect constituted professional error, Petitioner has not provided any documentary evidence or other compelling support for such an assertion. *See Speringo*, 202 F. Supp. 2d at 193.

Second, Petitioner's claim that Spellman was ineffective for failing to object to the submission of his co-defendant's indictment is meritless. As Judge Marcus recognized, the only evidence Petitioner submitted in support of this claim were the captioned pages from three days of trial transcripts which had been mis-typed with his co-defendant's indictment number instead of his own. (Ex. 21.) By itself, this evidence is insufficient to establish that Petitioner's indictment was ever improperly amended, consolidated, or substituted with that of his co-defendant's, such that it did not contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).

Third, the trial transcript shows that, contrary to Petitioner's claim, Spellman did seek to impeach Jeffries on cross-examination by questioning him about his prior inconsistent statements regarding his inability to identify the shooter (Tr. 456-57), the fact that Jeffries did not identify Petitioner as the shooter until eighteen days after the incident (*id.* at 460), and whether Jeffries had told Mandi Goldstein, a social worker, that he had been shot by Hamilton (*id.* at 464-65). Although Spellman did not subpoena Goldstein directly, the jury heard testimony about the medical records Goldstein prepared during Spellman's cross-examination of the treating physician. (*See* Tr. 580-84.) As Magistrate Judge Eaton concluded, the decision not to subpoena Goldstein directly was likely based on other considerations aimed at representing Petitioner effectively. (Report at 14.) In any event, the Court will not "second-guess trial strategy simply because the chosen strategy has failed, especially where the petitioner has failed to identify any specific evidence or testimony that would have helped his case if presented at trial." *Montalvo v. Annettsi*, No. 02 Civ. 1056 (LAK) (AJP), 2003 WL 22962504, at *26 (S.D.N.Y. Dec. 17, 2003).

Fourth, Petitioner's claim that Spellman was ineffective in failing to move to dismiss the indictment because the prosecution did not inform Petitioner of all the charges that would

be brought against him is meritless. An indictment is valid if it is written "with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Kozeny*, 493 F. Supp. 2d 693, 700 (S.D.N.Y. 2007) (internal quotations omitted). The prosecution is only obligated to inform a criminal defendant of his prospective or pending grand jury proceeding, and accord him a reasonable time to exercise his right to appear as a witness. *See* N.Y. Crim. Proc. Law § 190.50(5). As Judge Marcus held, in New York, failing to inform Petitioner of all the charges that would be brought against him is not a basis upon which defense counsel could have successfully moved to dismiss the indictment. *See People v. Clark*, 660 N.Y.S.2d 114 (N.Y. App. Div. 1997); *People v. Pressley*, 688 N.Y.S.2d 20 (N.Y. App. Div. 1999).

Fifth, Spellman did not err by failing to move to dismiss the indictment on the basis of the New York Speedy Trial Act. *See* N.Y. Crim. Proc. Law § 30.30. Under this statute, a motion to dismiss an indictment must be granted if the prosecution is not ready for trial within specified time periods. *Id.* However, in order to prevail on such a claim, the defendant must show that there has been an unexcused delay in excess of the statutory minimum. *See People v. Santos*, 68 N.Y.2d 859, 861 (N.Y. 1986). As Judge Marcus recognized, Petitioner has not set forth sufficient facts to support his allegation that the alleged 306-day delay in his trial did not qualify for exclusion under N.Y. Crim. Proc. Law § 30.30(4). (*See* Ex. 21.)

Based on the foregoing analysis, the Court finds that Petitioner's ineffective assistance claims are procedurally barred and that, in any event, he has not shown that trial counsel's performance failed to meet the *Strickland* standard. Accordingly, the Court adopts Magistrate Judge Eaton's conclusion that Petitioner has no claim for ineffective assistance of trial counsel. (Report at 14.)

B. Ineffective Assistance of Appellate Counsel

Petitioner claims that he is also entitled to habeas relief because his appellate counsel, Paul Angioletti, failed to raise Spellman's alleged trial errors on appeal. (Petition at 1-2.) The *Strickland* standard applies to claims of ineffective assistance of appellate as well as trial counsel. *See Price v. United States*, 123 S. Ct. 986, 987-88 (2003). As the Court finds no error with Spellman's performance, Petitioner has no basis upon which to assert that Angioletti's failure to object to Spellman's performance was objectively unreasonable, or that Petitioner suffered any actual prejudice as a result. Thus, the Court concurs with Magistrate Judge Eaton's conclusion that Petitioner received effective assistance from both his trial and appellate counsel. (Report at 14.)

C. Denial of Due Process

Petitioner also seeks habeas review with respect to the following due process claims: (1) submission of the wrong indictment to the jury for deliberation and (2) his failure to be notified of all the charges against him before the grand jury. (Petition at 2.) Again, the Court finds these claims to be ineligible for habeas relief.

Federal habeas review is available for a petitioner who, having been convicted in state court, alleges that he or she is being held "in

custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.A. § 2254(a). A fair trial claim is of "constitutional dimension" when it is based on a fact pattern commonly thought to involve constitutional constraints. *See Daye v. Att'y Gen. of New York*, 696 F.2d 186, 193 (2d Cir. 1982). A mere statement that "due process" rights have been violated does not necessarily give rise to a specific federal constitutional claim. As the Second Circuit has held, "due process, like 'fair trial,' can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial court error, including errors in rulings based on state law." *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984). State court determinations of fact are presumed to be correct in habeas proceedings, and a petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The Court finds that neither of Petitioner's alleged due process claims gives rise to a specific federal constitutional claim. First, both of Petitioner's due process claims are procedurally barred because they were not raised on appeal. (*See* Ex. 10.) Even if these claims were not procedurally barred, however, they would be subject to dismissal under N.Y. Crim. Proc. Law § 440.30(4)(a) because Petitioner has not alleged any legal basis for them. (*See id.* at 4.) As previously noted, Petitioner has not provided sufficient evidence in support of his claim that his indictment was ever amended or consolidated with that of his co-defendant's. (*See* Ex. 21.) To the contrary, Petitioner conceded that he received a copy of his correct indictment as well as a copy of the original indictment bearing the foreperson's signature, thus satisfying the obligations of N.Y. Crim. Proc. Law §§ 200.50(8) and 210.15(1). (*Id.* at 5.) Additionally, as stated before, failing to inform Petitioner of all the charges that would be brought against him does not constitute a due process violation when the underlying indictment itself is valid. *See* Fed. R. Crim. P. 7(c).

### D.  Double Jeopardy

Petitioner also argues that because Judge Marcus allegedly dismissed the charge of first-degree assault, it was a violation of the Double Jeopardy clause to submit this charge to the jury. (Petition at 3.) The Double Jeopardy clause of the Fifth Amendment provides that no person shall be "subject for the same [offense] to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It bars re-litigation of an offense only if there has been some event, such as an acquittal, that terminates the original jeopardy. *Richardson v. United States*, 468 U.S. 317, 325 (1984).

Magistrate Judge Eaton correctly concluded that the trial court did not actually dismiss the charge of first-degree assault. (*See* Report at 10.) In New York, a person is guilty of first-degree assault when:

> With intent to cause *serious physical injury* to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . .

N.Y. Penal Law § 120.10(1) (emphasis added).

Prior to the jury instruction, Spellman had asked the court to submit the lesser charge of second-degree assault, on the theory that "the jury could find that the result of the bullet

6

wounds was [merely] physical injury as opposed to serious physical injury." (Tr. 616.) Judge Marcus denied this request, and the record shows that the court reporter mis-transcribed Judge Marcus's actual statement. (Ex. 25.) Pursuant to a government request, the court reporter later submitted a re-typed portion of the transcript to the court, which read, "[B]ased on the evidence . . . there is *no* reasonable view . . . that this is physical injury but not serious physical injuries so that application is denied." (*Id.* (emphasis added).)[3]

### E. All Additional Arguments Previously Raised

As a final matter, Petitioner urges the Court to consider all additional arguments previously raised in his direct appeal, first Section 440.10 motion, and *coram nobis* applications. (Petition at 2.)

#### 1. Direct Appeal

The Court finds no error in Magistrate Judge Eaton's conclusion that two of the five points raised by trial counsel on direct appeal do not raise any federal claim. (Report at 4.) First, Petitioner's "weight of the evidence" claim is not cognizable because such an assessment is based on state law and lies within the realm of the jury. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to re-examine state court determinations on state law questions); *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("Section 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court but not by them."). As Magistrate Judge Eaton noted, Petitioner's weight of the evidence claim was previously addressed to the special discretionary jurisdiction of the Appellate Division, which unanimously affirmed the verdict in light of the evidence. (Report at 4.)

Petitioner's second claim, an Eighth Amendment challenge, also fails because courts have generally upheld terms of imprisonment against excessive sentence challenges that fall within the sentencing range prescribed by state law. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982); *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Petitioner was convicted of two Class B felonies, for which state law requires eight to twenty-five years' imprisonment, and one Class C felony, for which state law requires five to fifteen years' imprisonment. *See* N.Y. Penal Law § 70.06(6)(a) - (b). Petitioner's total sentence of fifteen years falls within the state sentencing range, and far short of the maximum possible sixty-five year sentence allowable for his crimes. No basis for an Eighth Amendment claim exists here, as the sentence is not disproportionate to his crimes. *See, e.g., Solem v. Helm*, 463 U.S. 277, 303 (1983).

Furthermore, the Court concurs with Magistrate Judge Eaton's conclusion that Petitioner's third and fourth claims asserting inadequate and improper jury instructions are meritless, and that in any event, they are unpreserved. (Report at 4-5.) A determination that a claim is unpreserved constitutes an independent and adequate state ground that bars a federal court from granting habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 750

---

[3] The original portion of the transcript read, "[B]ased on the evidence . . . there is a reasonable view . . . that there is physical injury but not serious physical injuries so that application is denied." (Tr. 617.)

7

(1991); *Butler v. Cunningham*, 313 F.App'x. 400, 401 (2d Cir. 2009). Here, the trial transcript shows that Petitioner did not object during or after the judge instructed the jury on accomplice testimony and interested witnesses, or when the judge informed Petitioner's attorney that he would charge certain witnesses as interested witnesses. (Tr. 618, 634, 672-73.) Petitioner's claim is therefore unpreserved and not reviewable by this Court.

Finally, the Court agrees with Magistrate Judge Eaton that the testimony of Detective Carley, who identified Petitioner as the shooter based on a statement made by Petitioner's co-defendant, does not support Petitioner's request for a new trial. Bolstering, as it applies here, refers to permitting an identification by one witness to be corroborated by the testimony of another witness who merely testifies that the identification occurred. *Diaz v. Greiner*, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (noting that bolstering constitutes error under New York law). Nevertheless, bolstering claims have been held not to be cognizable on federal habeas review. *Id.*

2. First § 440.10 Motion

In this motion, Petitioner argued that the trial court never obtained jurisdiction over him because he was not provided with a signed copy of his indictment and the judge failed to read the charges in the indictment to him during his arraignment. (Ex. 8.) Additionally, Petitioner argued that the court violated his due process rights by: (1) not removing or conducting a serious inquiry into the fitness of a juror who was being treated with methadone and (2) effectively dispensing methadone to said juror by writing him a note that would allow him to obtain an extra day's supply. (*Id.*)

Magistrate Judge Eaton concluded that Judge Marcus's denial of this motion was "entirely reasonable." (Report at 9.) The Court concurs. As previously discussed, both of Petitioner's jurisdiction claims regarding the validity of the indictment are procedurally barred because they were not raised on appeal. (*See* Ex. 10.) Even if these claims were not procedurally barred, the Court agrees that they would be subject to dismissal under N.Y. Crim. Proc. Law § 440.30(4)(a) because Petitioner has not alleged any legal basis for the claims. (*See id.* at 4.)

Petitioner's objections with respect to the methadone-treated juror are likewise procedurally barred, and Petitioner has not shown any basis upon which to assert that: (1) the juror was unfit or unable to perform his duties; or (2) the trial court requested or directed the methadone clinic to dispense any more methadone to the juror than he was already authorized to receive. (*Id.* at 7-8.)

3. *Coram Nobis* Applications

Finally, for reasons stated previously in Sections II.B and II.D of this opinion, the Court finds no error with Magistrate Judge Eaton's denial of Petitioner's *coram nobis* arguments pertaining to ineffective assistance of appellate counsel and Double Jeopardy.

III. CONCLUSION

For the foregoing reasons, the Court adopts the Report and the Petition is DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right.

8

*See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: May 19, 2010
 New York, New York

\*\*\*

Petitioner is appearing on a pro se basis. Respondent is represented by Robert T. Johnson, District Attorney, Bronx County, and Nancy Darragh Killian, Assistant District Attorney, Bronx County, 198 East 161st St, Bronx, New York, 10451.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/10